```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT FRANKFORT
```

TERESA M. TRACY,              )
                              )
    Plaintiff,                )   Civil Action No. 09-cv-59-JMH
                              )
v.                            )
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )   **MEMORANDUM OPINION AND ORDER**
Security,                     )
                              )
    Defendant.                )
                              )

                    **      **      **      **      **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for establishing a Period of Disability and Disability Insurance Benefits [Record Nos. 10 and 11][1] to which Plaintiff has filed a Response. [Record No. 12]. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the plaintiff's motion and deny the defendant's motion.

**I.    OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.  An individual who is working but does not have a

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

"severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Services*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an

inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**III. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Teresa M. Tracy "filed an application for a period of disability and disability insurance benefits alleging disability beginning August 15, 1990." [Tr. 17]. The claim was denied and properly appealed. *Id.* Plaintiff suffers from diabetes, osteoarthritis, carpal tunnel syndrome, depressive disorder, and other ailments. [Tr. 19]. The ALJ proceeded through the five-step process to determine disability. The ALJ found Plaintiff was working but noted "the evidence is not conclusive that she has earned an income commensurate with substantial gainful activity during the period at issue in this decision" and refused to end its analysis at step one. [Tr. 19]. Thus, the ALJ proceeded to step two and found Plaintiff did have a number of severe impairments but did not find that these impairments met the requirements described in step three for a determination of disability. [Tr. 19-20].

3

Nevertheless, the ALJ proceeded to step four and found that Plaintiff could not "perform any past relevant work." [Tr. 23]. Upon reaching step five, however, the ALJ found there were jobs Plaintiff could perform after assessing Plaintiff's residual functional capacity, age, education, and past work experience. [Tr. 20-24]. Thus, the ALJ found Plaintiff was not disabled. [Tr. 24].

Plaintiff, however, argues that she experiences a disabling vision problem that qualifies as a listed impairment in step three. [Record No. 10-1, p. 9]. Plaintiff argues in her response to Defendant's motion that the documented degrees along the eight principle meridians in her right eye combined with the overall visual acuity meet the definition of loss of visual efficiency as set forth in Appendix 1, § 2.04. 20 CFR Part 404, Subpart P, Appendix 1, § 2.04 [hereinafter Appendix 1]. Defendant has offered no reply to this argument.

Furthermore, Plaintiff argues the ALJ did not present accurate hypotheticals with respect to her condition to the vocational expert. In determining the residual functional capacity of Plaintiff, the ALJ "assigned substantial weight to the findings of the State Agency medical and psychological experts who evaluated the record for the Administration." [Tr. 23]. While not mentioning non-medical source and treating nurse practitioner Geneva Straub, the ALJ discounted her opinion based on the

4

inconsistency of "such findings with the weight of the longitudinal record as a whole." *Id.* The ALJ provided no further reasoning for his treatment of Straub's opinion. As well, the ALJ presented a more streamlined version of the restrictions set forth in consulting physician, Dr. Jay Athy's report. Plaintiff argues, however, that the ALJ's hypothetical leaves out some of the restrictions from that report. As a result of an incomplete recitation of Plaintiff's restrictions and improper treatment of Straub's opinion, Plaintiff argues the vocational expert's opinion in response to the ALJ's hypothetical does not amount to substantial evidence which the ALJ can use to show Plaintiff is not disabled under step five of the analysis used to determine disability.

**IV. ANALYSIS**

   **A. Plaintiff has not shown an severe impairment requiring the ALJ find her disabled.**

As a initial matter, Plaintiff has not proven her visual efficiency meets the standard set forth by step three of the analysis used to determine disability. To succeed at the third step, The claimant must show her impairment meets or equals one of the listed impairments in Appendix 1 such that the ALJ must determine her disabled regardless of other factors. 20 C.F.R. 404.1520(a)(4)(iii); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Section 2.00(A)(2) of 20 C.F.R. Part 404, Subpart P, Appendix 1 states "[i]f your visual disorder . . . meets or

5

medically equals . . . [the criteria set in ] 2.04, we will find that you have a disability if your visual disorder also meets the duration requirement." Appendix 1, § 2.00A2. Section 2.04 defines loss of visual efficiency as "[v]isual efficiency of the better eye of 20 percent or less after best correction." Appendix 1 § 2.04. Visual acuity efficiency uses table 1 to assign a percentage to the best-corrected efficiency used for distance in the applicant's best eye. Appendix 1, § 2.00A7. Visual field efficiency is calculated "by adding the number of degrees seen along the eight principal meridians in your better eye and dividing by 500." *Id.* Upon making these calculations, the visual acuity efficiency is multiplied by the visual field efficiency to reach the percentage used for overall visual efficiency. *Id.* While Plaintiff argues the numbers show her visual efficiency meets the standard set forth in Section 2.04, she has miscalculated the numbers used to make this determination.

Plaintiff has failed to apply the percentage used in "Table 1" and miscalculated the sum of the eight principal meridians used to determine visual field efficiency. Plaintiff has properly determined the degrees along the eight principal meridians of the field as seventy, fifty, thirty-five, thirty-five, thirty-five, forty, fifty-five, and sixty. [Record No. 12, p. 2]. Plaintiff, however, has failed to include two meridian points of thirty-five in her subtotal used to determine visual field efficiency. *Id.*

6

Thus, Plaintiff's subtotal should be 380 instead of 310 as argued by Plaintiff. This makes the visual field efficiency 76% rather than 62% as argued by Plaintiff. Furthermore, Plaintiff divided twenty by seventy to determine the percentage instead of using 65%, the number given in "Table 1." *Id.* As a result, Plaintiff's visual efficiency is calculated at 47.12% instead of the 17.7% argued by Plaintiff. The ALJ, therefore, did not fail to adequately address Plaintiff's visual impairments and properly concluded that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 . . . ." [Tr. 20].

**B. The vocational expert did not use substantial evidence to determine Plaintiff had the capacity to perform other jobs.**

This Court finds, however, that the ALJ did not have substantial evidence in the record to supports the conclusion that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" and that the Plaintiff is not disabled. [Tr. 19](citing 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), 416.966)). A vocational expert's response to a hypothetical question may provide the ALJ substantial evidence with regard to Plaintiff's ability to perform other jobs "only 'if the question accurately portrays plaintiff's individual physical and mental impairments.'" *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)(citation omitted); *accord Blancha*

7

*v. Sec'y of Health & Human* Servs., 927 F.2d 228, 231 (6th Cir. 1990); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987). In this matter, the ALJ based his finding that there are jobs that exist in significant numbers in the national economy on a testimony of the vocational expert. [Tr. 24]. Plaintiff argues, however, that the ALJ's refusal to "accept the restrictions assessed by the claimant's treating therapist, Geneva Straub, ARNP" caused the vocational expert to form an opinion that does not accurately portray the claimant's impairments. [Record No. 10-1, p. 9]; *See Varley*, 820 F.2d at 779. Furthermore, Plaintiff argues the ALJ's failure to "accurately advise the [vocational expert] of the restrictions assessed by the agency's non-examining sources" and other restrictions found in the record also resulted in an opinion not based on claimant's impairments. [Record No. 10-1, p. 9]; *See Varley*, 820 F.2d at 779. This Court agrees with the Plaintiff and concludes that the ALJ did not have substantial evidence to find the claimant could perform "other work that exists in significant numbers in the national economy." [Tr. 24].

    **1.   The ALJ improperly discounted nurse practitioner Geneva Straub's opinion.**

The Court finds the ALJ must evaluate the opinion of Geneva Straub, a nurse practioner, more thoroughly than performed in his denial of claimant's application for a period of disability and disability insurance. As an initial matter, neither party disputes

8

that Geneva Straub is not an acceptable medical source. [Record No. 10-1, p. 10]; [Record No. 11, p. 6]. Plaintiff argues, however, and this Court agrees that, when such a source's opinion "may have an effect on the outcome of the case," the ALJ has additional obligations as stated in Social Security Rule 06-03:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision the adjudicator 1) generally should explain the weight given to opinions from these other sources or 2) otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning . . . .

SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006)(numbers added). The ruling also states the factors used to evaluate "medical opinions from 'acceptable medicals sources'" can be applied to "opinion evidence from 'other medical sources.'" *Id.* at *4-5. The Sixth Circuit has held this standard requires some "degree of specific consideration of [the other medical source's] assessments" and that the ALJ should discuss "the factors relating to the treatment of [the other medical source's] assessment, so as to have provided some basis for why he was rejecting the opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007)(citation omitted)(applying Social Security Ruling 06-03p but refusing to hold it retroactively controlling on cases decided before the ruling's implementation). While Defendant argues in its Motion that Straub's opinion could not reasonably have had an effect on the case, it is too little, too late. [Record no. 11, p. 7-11].

9

The ruling stated "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms" but found the claimant's statements "not entirely credible." [Tr. 21]. This, however, is precisely the reason why Social Security Ruling 06-03p requires ALJs to consider the opinions of otherwise non-acceptable medical sources. SSR 06-03p, 2006 WL 2329939, at *3 (Aug. 9, 2006)("Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). Thus, this Court finds that Straub's opinion could have had a significant effect on the hypothetical proposed to the vocational expert and used as substantial evidence by the ALJ to make his determination of disability.

The ALJ, therefore, must do more than provide boilerplate language in discounting Straub's opinion. The ALJ discounted Straub's opinion in the following paragraph:

> The undersigned is cognizant that the residual functional capacity assigned to the claimant in the paragraph above is substantially less work-preclusive than that which was assigned to her by at least one of her treating professionals. However, upon review and consideration of the full record in this case, the undersigned assigns substantial weight to the findings of the State Agency medical and psychological experts who evaluated the record for the Administration because of the consistency of such findings with the weight of the longitudinal record as a whole.

[Tr. 23]. Though the ALJ has specifically addressed the credibility of the opinion using the factor of consistency with the record, he has not provided "any degree of specific consideration of [the non-medical expert's opinion of the Plaintiff's] functional assessments" as required by the Sixth Circuit. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007). The ALJ has also not "discussed the factors relating to his treatment of [the non-medical expert's opinion], so as to have provided some basis for why he was rejecting it." *Id.* As a result, this Court holds the ALJ's determination of credibility as to Straub's opinion falls well short of the standard required for non-medical sources set forth in Social Security Ruling 06-03p. Furthermore, the ALJ's erroneous action is not harmless, as argued by Defendant, since the ALJ's discounting of the Straub opinion led to his decision to adopt the vocational expert's answer to a hypothetical based on facts that are "substantially less work-preclusive" than those described in Straub's opinion. [Tr. 23]. This Court, therefore, shall reverse the ALJ's decision and remand this matter for further consideration in accordance with this opinion.

    **2. The ALJ's chosen hypothetical does not accurately describe the restrictions on Plaintiff's ability to work.**

Furthermore, the ALJ did not provide the vocational expert with appropriate facts such that the vocational expert's opinion could provide sufficient evidence to determine Plaintiff was not disabled. As stated by the Sixth Circuit, and argued by the

11

Plaintiff,

> [i]f the Secretary seeks to rely on [vocational expert] testimony to carry his burden of proving the existence of a substantial number of jobs that plaintiff can perform, other than her past work, the testimony must be given in response to a hypothetical that accurately describes the plaintiff in all significant, relevant respects; for a response to a hypothetical to constitute substantial evidence, each element of the hypothetical must accurately describe the claimant.

*Felisky v. Bowen*, 35 F.3d 1027, 1035-36 (6th Cir. 1994)(citations omitted). The ALJ, therefore, may not selectively include portions of pertinent evidence in providing the hypothetical to the vocational expert. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). As argued by Defendant, however, Plaintiff must cite evidence to support her argument from the record and this Court "will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments." [Record No. 9, para. 3.c.](citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)). Thus, as an initial matter, this Court will not consider Plaintiff's assertion that the record "established a significantly limited handling ability and ability to perform gross and fine or finger manipulation" and other restrictions based on vision since Plaintiff has failed in her Motion and Response to cite to evidence in the record that would support this assertion. [Record No. 10-1, p. 13]; *see also* [Record No. 12]. Regardless, this court finds the hypothetical presented by the ALJ to the vocational expert did not

"accurately describe the plaintiff in all significant relevant respects." [Record No. 12, p. 5](citing *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994)).

While Defendant argues the hypothetical presented "sufficiently encompassed the limitations noted by Dr. Athy," this Court agrees with Plaintiff that the Sixth Circuit requires more. [Record No. 11, p. 12]; [Record No. 12, p. 4-5]. The Sixth Circuit has held an ALJ must include the "restrictions completely," as provided in the opinions used to form the ALJ's hypothetical to the vocational expert. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-17 (6th Cir. 2010). Thus, the ALJ's hypothetical to the vocational expert must reference all of the following as stated by Dr. Athy, and later affirmed by Dr. Vandavier:

> The claimant retains the mental capacity to be able to:
>   A. Understand and remember simple one and two-step tasks;
>   B. Sustain attention and concentration necessary to complete simple tasks
>   C. Relate to coworkers/supervisors in a non-public setting;
>   D. Adapt to simple changes and avoid hazards in a routine work environment.

[Tr. 426]; *See also* [Tr. 505].[2] While the ALJ's hypothetical

---

[2] This Court acknowledges Defendant's argument that there is no requirement that the ALJ "adopt a consultant's checkmarks in section I of the mental RFC form as [such] an assessment of a claimant's RFC would be contrary to the way in which the form is meant to be used." [Record No. 11, p. 12]. This Court, however, agrees with the Plaintiff that regardless of whether the ALJ included the restrictions listed in section I of the mental RFC, the hypothetical posed by the ALJ did not encompass the restrictions set forth by Dr. Athy. This Court, therefore, offers

13

adequately addressed the first three restrictions in stating there be a requirement of "no exposure to concentrated vibration or industrial hazards . . . no frequent changes in work routine [and no] requirement for detailed or complex problem solving, independent planning or the setting of goals," the ALJ makes no mention of the relating to coworkers/supervisors in a non-public setting restriction. [Tr. 57]. As a result, the ALJ's hypothetical never considers the inability of Plaintiff to relate to coworkers/supervisors in a public setting. *Id.* Furthermore, the jobs listed by the ALJ in determining Plaintiff is not disabled, including ticket taker, general office clerk and other clerical positions, would likely require an ability to handle coworkers/supervisors outside of closed doors as all of these jobs are typically performed in a public manner. [Tr. 24]. This Court, therefore, shall hold that Plaintiff's "limitations were not fully conveyed to the vocational expert," and this matter shall be reversed and remanded for further consideration in accordance with this opinion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 517 (6th Cir. 2010).

**VI. CONCLUSION**

While Plaintiff has failed to show she has "a severe impairment which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment," Plaintiff has shown

---

no opinion regarding this argument.

14

the ALJ failed to properly discount non-medical source Straub's opinion and also failed to include all restrictions laid out by Dr. Athy, and later affirmed by Dr. Vandavier, in his hypothetical to the vocational expert.

Accordingly, **IT IS ORDERED**

(1) that Plaintiff's Motion for Summary Judgment [Record No. 10] be, and the same hereby is, **GRANTED**, and Defendant's Motion for Summary Judgment [Record No. 11] be, and the same hereby is, **DENIED**; and

(2) that the ALJ's decision be **REVERSED** and this matter **REMANDED** for further consideration in accordance with this opinion.

This the 5th day of January, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge