```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT FRANKFORT
```

| | |
|---|---|
| TERESA M. TRACY, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 09-cv-59-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
|     Defendant. | ) |

               \*\*    \*\*    \*\*    \*\*    \*\*

Plaintiff has made a Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Record No. 15]. The United States has filed a Response [Record No. 16]. This motion is now ripe for decision.

This Court granted Plaintiff Teresa Tracy's motion for summary judgment and remanded this action to the Commissioner of Social Security for further administrative proceedings. [Record No. 13, 14]. Tracy's attorney has now filed a Motion for Attorney Fees [Record No. 15] under the Equal Access to Justice Act ("EAJA") as the prevailing party.

This Court has previously held in a number of decisions, however, that where an attorney does not demonstrate that the claimant he or she represents is contractually obligated to pay attorney fees for legal services performed as a result of a remand for further administrative proceedings, neither she nor her attorney may seek an award for legal services under the EAJA. *See*

*generally Turner v. Astrue,* No. 08-cv-391, --- F. Supp. 2d ---, 2010 U.S. Dist. LEXIS 96561 (E.D. Ky. Sept. 14, 2010); *see also Dauwe v. Astrue*, 10-cv-83-ART, 2011 U.S. Dist. LEXIS 13407 (E.D. Ky. Feb. 8, 2011); *Hodge v. Astrue*, No. 5:09-cv-416-DCR, 2010 U.S. Dist. LEXIS 110706 (E.D. Ky. Oct. 18, 2010); *Wethington v. Astrue*, No: 5:09-cv-284-ART, 2010 U.S. Dist. LEXIS 96317 (E.D. Ky. Sept. 14, 2010).

In the present case, Plaintiff's counsel has not demonstrated that Plaintiff is contractually obligated to pay the attorney fees sought through the present motion. Counsel has instead filed an attorney's certificate which includes an itemization of the amount of time involved in litigating Plaintiff's appeal as well as justifications for the requested hourly rate. This document does not constitute a contractual obligation to pay attorney fees. Therefore, the Court concludes that such fees have not been "incurred" under the EAJA. *See generally Turner v. Astrue*, No. 08-cv-391, --- F. Supp. 2d ---, 2010 U.S. Dist LEXIS 96561 (E.D. Ky. Sept. 14, 2010).

Accordingly, it is hereby **ORDERED** that the application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.*, [Record No. 15] is **DENIED WITHOUT PREJUDICE**.

This, the 14th day of April, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge