UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | |
|---|---|
| TERESA M. TRACY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 09-cv-59-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff has made a Motion to Alter or Amend this Court's Order of April 14, 2011 [Record No. 18] pursuant to Rule 59(e). The time for filing a Response having expired, this motion is now ripe for decision.

As an initial matter, this Court finds that Plaintiff should have brought this motion pursuant to Rule 60(b), not Rule 59(e). Rule 59(e) provides the basis by which a party may move to alter or amend a judgment while Rule 60 allows a party to seek relief from a judgment or order. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60. A court will consider a post-judgment motion under Rule 59(e) only where it involves "reconsideration of matters properly encompassed in a decision on the merits." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 (1981) (holding that a party could not seek a Motion to Amend or Alter under Rule 59(e) for post-judgment fee requests).  In the matter before the Court, however, Plaintiff seeks to amend this Court's Order of April 14, 2011 [Record No. 17]

denying Plaintiff's Motion for Attorney's Fees under 28 U.S.C. § 2412 [Record No. 15], thus, raising "legal issues collateral to the main cause of action" – an appeal of a denial of disability insurance benefits. *White*, 455 U.S. at 451; *see also* [Record No. 14] (reversing and remanding the administrative decision of denial of disability insurance benefits for further consideration). This Court, therefore, may not consider this Motion to Alter or Amend pursuant to Rule 59(e).

Rather, Plaintiff's Motion to Alter or Amend shall be construed as a Motion for Relief from an Order under Rule 60(b)(5) which states, in pertinent part, that a party may seek relief from a final order when "it is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5); *see also Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (allowing a district court to construe an untimely Rule 59 motion under Rule 60). Plaintiff argues that this Court's reference to *Turner v. Astrue*, 764 F. Supp. 2d 864 (E.D. Ky. 2010), as a basis for its order entitles Plaintiff to relief. Plaintiff's motion notes that the reasoning in *Turner* "agreed with and generally followed *Murkeldove v. Astrue*, 635 F. Supp. 2d 564 (N.D. Tex. 2009)" which has since been vacated by the Fifth Circuit Court of Appeals. *See Mukeldove v. Astrue*, 635 F.3d 784 (5th Cir. 2011) *vacating Murkeldove*, 635 F. Supp. 2d 564. Notwithstanding that this Court does not mention *Murkeldove* in its Order of April 14,

2011, Rule 60(b)(5) does not "permit a final judgment to be set aside whenever thereafter any case from another jurisdiction involving the same question and decided the same way is later reversed by an Appellate Court." *Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952). While Plaintiff has alerted the Court of a pending appeal of *Turner v. Astrue* before the Sixth Circuit Court of Appeals, this does not change the fact that this Court ruled in accordance with its own view of the law, both at the time of the motion and as it stands today. *See id*; *see also Turner*, 764 F. Supp. 2d 864, *appeal docketed*, No. 11-5012 (Jan. 5, 2011).

Accordingly, it is hereby **ORDERED** Plaintiff's Motion to Alter or Amend [Record No. 18] is **DENIED**.

This, the 28th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge